# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Martin Rodriguez-Flores, ) | |
| ) | Civil Action No. 0:15-cv-04531-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Linda Thomas, ) | |
| ) | |
| Respondent. ) | |

Petitioner Martin Rodriguez-Flores ("Petitioner"), proceeding pro se, brings this action seeking relief pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 14), filed January 22, 2016, recommending that Petitioner's Petition (ECF No. 1) be dismissed without prejudice and without requiring Respondent to file a return. For the reasons below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 14) and **DISMISSES** Petitioner's Petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2015, Petitioner filed an action against Warden Linda Thomas ("Respondent") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner indicates that he entered a guilty plea to the charge of illegal reentry after deportation and was subsequently sentenced to ninety months of imprisonment and three years of supervised release. (ECF No. 1.) The Petition seeks a downward departure because his status as a deportable alien makes his sentence more severe because he is not eligible for certain Bureau of Prison programs or transfer to community confinement and a minimum security prison. (Id.)

**II. LEGAL STANDARD**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

**III. ANALYSIS**

"[I[t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)(citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless

> it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The Magistrate Judge determined that Petitioner failed to plausibly assert that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his conviction and sentencing. (ECF No. 14 at 5-6.) Therefore, Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241. (ECF No. 14 at 6.) Additionally, the Magistrate observed that:

> To the extent Petitioner may be attempting to challenge the execution of his sentence under § 2241, the court notes that Petitioner provides no factual allegations to plausibly suggest that he filed any administrative grievance concerning such claims. Accordingly, any sentence execution claims raised by Petitioner under § 2241 are subject to summary dismissal for lack of administrative exhaustion. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (holding that exhaustions is required for claims brought pursuant to § 2241); see also McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

(ECF No. 14 at 4 n.3.)

Petitioner filed objections ("Objection") to the Magistrate Judge's Report and Recommendation on February 16, 2016. (ECF No. 19.) Petitioner's Objection states verbatim:

3

> [J]ustify a departure primarily on the "harsher" in the facts are the follow: (1) .- Deportation to justify a departure (2) .- Conditions of confinement to justify a departure because his status is deportable Alien (3) .- Due Process who is a UNLAWFULLY or LAWFULLY enter the United States are with protection under the Fifth Amendment Due Process clause, that justify a departure (4) .- Family circumstances are a discouraged basis for departure (5) .- Post-Imprisonment (Detention Pending Deportation) justify and discouraged basis for departure.

(ECF No. 19 at 1-2.) The court perceives that Petitioner is arguing for a downward departure in his sentence length under United States v. Farouil, 124 F.3d 838 (7th Cir. 1997). There, the Seventh Circuit held that a "district court is thus free to consider whether Farouil's status as a deportable alien has resulted in unusual or exceptional hardship in his conditions of confinement." Farouil at 847. The thrust of Petitioner's argument is that his status as a deportable alien has led to a fortuitous increase in the severity of his sentence, which results in an unusual or exceptional hardship to him. (ECF No. 19 at 4.) However, these arguments do not address the Magistrate Judge's finding that Petitioner failed to exhaust his administrative remedies prior to this action and instead proffers a new argument regarding the Petitioner's sentence.

The court is not obligated to provide de novo review because Petitioner fails to provide specific objections to the Report. See Fed. R. Civ. P. 72(b)(3) (requiring a district judge to determine de novo any part of the magistrate judge's disposition that has been properly objected to). Upon review of the record, no clear errors were found.

## IV. CONCLUSION

After a thorough review of the Report, the court **ADOPTS** the findings of the Magistrate Judge's Report (ECF No. 14) and **DISMISSES** Petitioner's Petition (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 12, 2017
Columbia, South Carolina